

Signed September 29, 2021.

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANDRESI ROSETT TATE, | § | CASE NO. 21-50947-RBK |
| | § | |
| DEBTOR | § | CHAPTER 13 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On September 20, 2021, came on to be heard *W7 Homes, LLC's Motion for Relief from Automatic Stay Against Real Property* (ECF No. 11). After considering the evidence, pleadings, and arguments of counsel, the Court hereby makes the following Findings of Fact and Conclusions of Law pursuant to FED. R. BANKR. P. 7052 and 9014(c):

### FINDINGS OF FACT

1.      Andresi Rosett Tate (the "Debtor") filed a voluntary chapter 13 petition on July 30, 2021. The Debtor claimed an ownership interest and homestead exemption in her principal residence located in Atascosa County, Texas (the "Property"). On July 6, 2021, twenty-four days before the petition date, the Property was sold at a tax sale in Atascosa County, Texas for

nonpayment of property taxes. W7 Homes, LLC ("W7") purchased the Property for $88,000.00. A Sheriff's Tax Deed was executed in favor of W7 on July 12, 2021 and recorded in Atascosa County on July 19, 2021. The Sheriff's Tax Deed conveyed title to W7 subject to the Debtor's right to redeem the Property under the Texas Tax Code.

2.      The Debtor listed W7 as a secured creditor holding a claim for prepetition mortgage arrearage in the amount of $18,000.00. The Debtor's proposed chapter 13 plan attempts to cure her real property tax delinquency and redeem the Property by making periodic payments to W7. The proposed chapter 13 plan includes $18,000.00 plus 5.25% interest to W7 to be paid over a five-year term.

3.      On August 27, 2021, W7 filed its *Motion for Relief from Automatic Stay Against Real Property*. W7 asserted that it is the owner of the Property pursuant to the Sheriff's Tax Deed and the Debtor has no ownership interest in or possessory right to the Property. W7 argued that cause exists to terminate the automatic stay for lack of adequate protection and because the Debtor lacks any equity in the Property and the Property is not necessary for an effective reorganization. 11 U.S.C. §§ 362(d)(1)–(2).

#### CONCLUSIONS OF LAW

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      Section 362 of the Bankruptcy Code provides that, on request of a party in interest and after notice and a hearing, "the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest," and "(2) with respect to a stay of an act against property . . . if—(A) the debtor does not have an equity in such

2

property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. §§ 362(d)(1)–(2).

6.      The Texas Tax Code provides that the purchaser of real property sold at a tax sale is vested with "good and perfect title . . . to the interest owned by the defendant in the property subject to the foreclosure . . . subject only to the defendant's right of redemption." TEX. TAX CODE ANN. § 34.01(n). The redemption period under Texas law for homestead property sold at a tax sale is two years from the date that the purchaser's deed is filed for record. *Id.* § 34.21.

7.      W7 argued that it has no remedy available to it other than to seek relief from the automatic stay. As the owner of the Property under Texas law, W7 argued that it is not a lien holder and the Debtor cannot modify W7's rights by redeeming the Property over the course of her chapter 13 plan. W7 argued that the facts and analysis of *In re Millington* are directly applicable. ***In re Millington***, No. 17-31290, 2017 Bankr. LEXIS 2214 (Bankr. S.D. Tex. Aug. 8, 2017).

8.      In *Millington*, the bankruptcy court considered whether a chapter 13 debtor could modify a tax purchaser's rights under 11 U.S.C. § 1322(b)(2) to redeem property sold at a tax sale over the course of the chapter 13 plan. *Id.* at *1.  The purchaser, Gulf States Equities, moved for relief from the automatic stay to take possession of the property purchased at a prepetition foreclosure sale. *Id.* The debtor filed a chapter 13 petition three days before the expiration of the redemption period under Texas law. *Id.* The debtor argued that he was entitled to redeem the property by making deferred payments beyond the redemption period under his chapter 13 plan. *Id.* at *2.

9.      Section 1322(b)(2) of the Bankruptcy Code provides that a chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." 11 U.S.C. § 1322(b)(2). The

3

debtor in *Millington* argued that "what Gulf States purchased at the tax sale was a lien on the property, making it a secured creditor whose rights can be modified under § 1322(b)(2)." *In re Millington*, 2017 Bankr. LEXIS 2214, at *3–4. The court rejected this argument because purchasers under Texas law are vested with "good and perfect title" and the "right to the use and possession of the property." *Id.* at *5. The court held that Gulf States was the owner of the property under Texas law, and the debtor could not modify Gulf States' rights because Gulf States was not a holder of a secured claim. *Id*. Last, the *Millington* court rejected the debtor's argument under § 105 to extend the debtor's redemption period "beyond the extension already provided for in § 108, or by impermissibly treating Gulf States as a secured creditor" because doing so would "create a new substantive right." *Id.* at *6. The court overruled the debtor's objection to Gulf States' motion for relief from the automatic stay. *Id.* at *7.

10.     A bankruptcy court in Connecticut similarly held that a prepetition tax sale purchaser did not have a claim that the chapter 13 debtor could modify through the plan to provide additional time for redemption. ***In re Christiano***, 605 B.R. 1 (Bankr. D. Conn. 2019). In *Christiano*, the Town of Beacon Falls, Connecticut (the "Town") conducted a tax sale of the debtor's home and the Town was the highest bidder. *Id.* at 3. Under Connecticut law, the debtor had six months to redeem the property. *Id.* The debtor filed for bankruptcy days before the redemption period ended, and the debtor proposed a plan that paid the Town over a sixty-month period. *Id.* The Town moved for relief from the automatic stay and objected to confirmation of the plan. *Id.* at 2–4. The court granted the Town's motion for relief from the automatic stay and held that the debtor could not redeem her home through the plan because the Town, as the owner of the home, did not hold a claim that could be paid through the plan. *See id.*  Under Connecticut law, the tax sale divested the debtor of "her fee simple interest in the Property . . . subject only to her

4

right to redeem." *Id.* at 6. On the petition date, therefore, "the Debtor's bankruptcy estate included the Debtor's personal right to redeem the Property, not the title to the Property itself." *Id.*

11.     The Connecticut statute applied in *Christiano* is similar to Texas Tax Code § 34.01(n) because both statutes convey title to tax purchasers, as opposed to states where the tax purchaser is granted a lien against the property. *See id.* at 8 ("State tax sale laws are diverse, but generally the tax sale purchaser gets either a lien against the property or ownership of the property. . . . For example, in New York, a tax sale purchaser acquires a lien that may later be foreclosed upon, once the . . . redemption period expires."); *compare **In re Martin***, 496 B.R. 323, 329 (Bankr. S.D.N.Y. 2013) (explaining that the debtor "entered into his bankruptcy with the right to redeem his property and as such, he retains his ability to cure [the purchaser's] claim under § 1322"), *with **In re Richter***, 525 B.R. 735, 746–48 (Bankr. C.D. Cal. 2015) (explaining a split in authority over whether debtors may modify redemption rights after a tax sale under § 1322(b)(2) and concluding that the "redemption relationship" between the purchaser and the prior owner does not amount to a "claim").

12.     After noting a split in authority, the *Christiano* court followed the line of cases in which tax purchasers acquire title to property. *In re Christiano*, 605 B.R. at 8–9 (citing ***In re Millington***, No. 17-31290, 2017 Bankr. LEXIS 2214, at *5 (Bankr. S.D. Tex. Aug. 8, 2017)). One notable reported case to the contrary is ***In re Gonzalez***, 550 B.R. 711 (Bankr. E.D. Pa. 2016). The court in *Gonzalez* found that a tax sale purchaser held a contingent claim for payment of the redemption amount which could be modified in the debtor's plan because debtors retain a "meaningful and substantial 'interest' in the property following a tax sale" and the redemption relationship is similar to the conventional mortgagee/mortgagor relationship in "title theory" states. *Id.* at 722–25.

13.	The analyses of *Millington* and *Christiano* are persuasive. Here, the Debtor filed her chapter 13 petition before the expiration of the redemption period under Texas law, and the Debtor seeks to redeem the Property by curing her tax delinquency through the plan.  Like the purchaser in *Millington*, as of the petition date, W7 held "good and perfect title" to the Property under Texas law. Like the Town in *Christiano*, W7 is the owner of the Property subject only to the Debtor's personal right of redemption under applicable state law. Therefore, the Debtor cannot modify W7's rights in the chapter 13 plan because W7 is the owner of the Property, not a lien holder.

14.	An analogy can be made to a real property lease that is terminated prepetition. Section 365(c)(3) of the Bankruptcy Code prohibits the trustee from assuming "any executory contract or unexpired lease of the debtor" if "(3) such lease is of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief." 11 U.S.C. § 365(c)(3). Even prior to the addition of § 365(c)(3) in 1984, bankruptcy courts have recognized that if a lease is validly terminated prior to the commencement of a bankruptcy case, the lease "is not resurrected by the filing of the petition in bankruptcy, and cannot therefore be included among the debtor's assets." ***Kopelman v. Halvajian (In re Triangle Labs., Inc.)***, 663 F.2d 463, 467–68 (3rd Cir. 1981); *see **In re Fryar***, 99 B.R. 747, 748–49 (Bankr. W.D. Tex. 1989), *vacated as moot*, 113 B.R. 317 (W.D. Tex. 1989). Similarly, where property owned by a debtor is sold at a prepetition tax sale and the purchaser is granted "good and perfect title" and the "right to the use and possession of the property," the debtor's ownership interest in the property is not resurrected by filing for bankruptcy. TEX. TAX CODE ANN. § 34.01(n).

6

**CONCLUSION**

15.     W7 is the owner of the Property under Texas law, subject only to the Debtor's personal right to redeem the Property during the redemption period. Additionally, W7 is not the holder of a claim that is subject to modification under 11 U.S.C. § 1322(b)(2). For these reasons, W7's *Motion for Relief from Automatic Stay Against Real Property* will be granted under § 362(d)(1) for cause and under § 362(d)(2) for lack of equity.

16.     Any finding of fact which should more appropriately be characterized as a conclusion of law shall be considered a conclusion of law herein. Similarly, any conclusion of law which should more appropriately be characterized as a finding of fact shall be considered a finding of fact herein. A separate Order will be rendered contemporaneously herewith.

# # #